IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-00396-FL-1
5:13-CV-00355

**Michael Demonte Jones**

      Petitioner,

v.

**United States of America**,

      Respondent.

**Memorandum & Recommendation**

    Petitioner Michael Demonte Jones, proceeding under 28 U.S.C. § 2255, seeks to vacate, set aside, or correct the 180-month sentence imposed in connection with his guilty plea to one count of possession with the intent to distribute more than 50 grams of cocaine base (crack). ("Motion to Vacate.") Jones argues that he is entitled to relief because under the reasoning of the Supreme Court's decision in *Moncrieffe v. Holder*, 133 S.Ct. 1678 (2013), he should not have been considered to be a career offender for sentencing purposes. The Government argues that Jones is not entitled to relief because (1) *Moncrieffe* did not involve the definition of an career offender under the Sentencing Guidelines; (2) if *Moncrieffe* could apply to the definition of a career offender, the Supreme Court has not made the ruling retroactively applicable; (3) Jones waived his right to challenge his sentence in a § 2255 claim in his plea agreement; and (4) Jones's sentence was the result of a Government motion, not his status as a career offender.

    After reviewing the docket and the arguments of the parties, it appears that Jones is not entitled to the relief he seeks because his Motion was not filed within the one-year limitations period for § 2255 claims. Additionally, the Government correctly argues that Jones waived his

right to challenge his sentence under § 2255.  Therefore, the undersigned recommends[1] that that the court deny Jones's Motion to Vacate (D.E. 30) and grant the Government's Motion to Dismiss (D.E. 34).

**I.      Background**

In March 2009, Jones entered a guilty plea to one count of possession with the intent to distribute more than 50 grams of cocaine base (crack).  The court entered a judgment on September 18, 2008, requiring him to serve a 180-month prison sentence.  Jones did not appeal his conviction or sentence.[2]  On May 13, 2013, he filed his Motion to Vacate and the Government responded by filing a Motion to Dismiss.

**II.     Analysis**

In order to prevail on his Motion to Vacate, Jones must show that (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such sentence; or (3) that his sentence exceeded the maximum authorized by law.  28 U.S.C. § 2255(a).  He must establish that he is entitled to relief by a preponderance of the evidence. *See, e.g., Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (*per curiam*) ("Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . . .").  Here, Jones claims that it was improper for the court to sentence him as a career offender because, in light of the Supreme Court's decision in *Moncrieffe v. Holder*, 133 S.

---

[1] The district court referred this matter to the undersigned United States Magistrate Judge for the entry of a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1).

[2] On September 23, 2013, Jones filed a motion seeking a reduction of his sentence under 18 U.S.C. § 3582(c)(2) based upon the United States Sentencing Commission's decision to retroactively apply an amended sentencing guideline. (D.E. 40.) The district court denied this motion on May 23, 2014. (D.E. 47.) Jones unsuccessfully appealed the district court's denial of his motion. *United States v. Jones*, No. 14-6861 (4th Cir. Nov. 4, 2014). His appeal did not involve issues related to his Motion to Vacate.

2

Case 5:08-cr-00396-FL   Document 57   Filed 05/15/15   Page 2 of 8

Ct. 1678 (2013), his state law conviction for possession with intent to distribute marijuana should not be considered a controlled substance offense for federal sentencing purposes.

The Government argues that the Motion should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules because he has failed to state a claim upon which relief may be granted. A motion under Rule 12(b)(6) challenges a §2255 motion's factual and legal sufficiency. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). In considering a motion to dismiss, a court need not accept a pleading's legal conclusions drawn from the facts. *See, e.g., Iqbal*, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano*, 521 F.3d at 302 (quotation omitted); *see Iqbal*, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. *See, e.g.*, Fed. R. Evid. 201; *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). When evaluating the sufficiency of a § 2255 motion, the court also may consider "the files and records of the case." 28 U.S.C. § 2255(b). Ultimately, after reviewing Jones's Motion, the court finds that it should be dismissed because he has failed to state a claim upon which relief may be granted.

A. **Timeliness**

A review of Jones's Motion to Vacate indicates that his claim for relief is barred by the statute of limitations. Although the Government did not raise the statute of limitations as an affirmative defense, a court may consider whether a § 2255 motion is time-barred on its own initiative. *United States v. Sosa*, 364 F.3d 507, 511 (4th Cir. 2004); *Hill v. Braxton*, 277 F.3d 701, 706 (4th Cir. 2002). However, prior to doing so, the court must give the petitioner an

3

opportunity to "demonstrate that the petition was filed within the proper time period." *Hill*, 277 F.3d at 708. After giving the petitioner the opportunity to be heard on the timeliness issue, a court may dismiss a § 2255 motion so long as it is "'indisputably clear' that the motion is untimely and cannot be salvaged through tolling." *Sosa*, 364 F.3d 507, 511 (4th Cir. 2004); *Hill*, 277 F.3d at 706 (4th Cir. 2002).

As part of his submission to the court, Jones was required to explain "why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar [his] motion" if the motion was filed more than one year after his judgment of conviction became final. (Mot. to Vacate ¶ 18); *Compare, with Hill*, 277 F.3d at 707 ("Hill was required to use a standard government form that did not direct him to address the timeliness issue…."). He asserts that his motion is timely under 28 U.S.C. §2255(f)(3) because it was filed within one year from the date the Supreme Court decided *Moncrieffe*. After reviewing Jones's argument on the timeliness issue, it is indisputably clear that his motion is untimely, cannot be saved by equitable tolling principles, and should be dismissed.

Motions brought pursuant to 28 U.S.C. §2255 are subject to a one-year statute of limitations. The limitations period runs from the latest of four possible dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because he did not file a direct appeal, Jones's judgment became final when his time to appeal expired on October 7, 2009. *See* Fed. R. Civ. P. 4(b); *Clay v. United States*, 537 U.S. 522, 524–25 (2003) (holding conviction becomes final after the time period to appeal or seek review has expired); *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (stating that "since [petitioner] did not file a direct appeal, his conviction became final for purposes of § 2255 subsection (1)," on the date "upon which he declined to pursue further direct appellate review"). Accordingly, to be considered timely, Jones's Motion to Vacate needed to be filed on or before October 7, 2010. However, he did not file his Motion to Vacate until May 13, 2013, which means that the statute of limitations bars his claim for relief.

Nonetheless, Jones argues that his Motion to Vacate is timely under § 2255(f)(3) which, as noted above, provides that a motion may be filed within one year after "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). In support of this argument, Jones cites *Moncrieffe v. Holder*, 133 S.Ct. 1678 (2013). He argues that a previous guilty plea in state court to possession of marijuana with the intent to distribute is not the federal equivalent of an aggravated felony and, accordingly, should not have been used in designating him a career offender.

Although Jones filed his Motion to Vacate within one year of the *Moncrieffe* decision, which was issued on April 23, 2013, its holding is not applicable to the instant matter. *Moncrieffe* dealt with an underlying state court conviction that was being used under federal standards to determine whether or not the state court conviction qualified as an "aggravated felony." *Moncrieffe*, 133 S.Ct. at 1683. Specifically, *Moncrieffe* concerned whether a state criminal conviction qualified as an aggravated felony for deportation under the Immigration and

5

Nationality Act, 8 U.S.C. § 1101 *et seq*. *Id.* at 1682. The Supreme Court expressly distinguished the *Moncrieffe* holding from federal prosecutions, such as Jones's, which are based upon a violation of 18 U.S.C. § 841. *Id.* at 1687–89; *See Gooden v. United States*, No. 5:06-CR-313-FL, 2014 WL 358974, at *3 (E.D.N.C. Feb. 3, 2014). Therefore, Jones cannot rely upon § 2255(f)(3) to delay the running of the statute of limitations.

Additionally, Jones's Motion provides no basis for the court to equitably toll the statute of limitations. The Supreme Court has held that a petitioner is entitled to equitable tolling of AEDPA's limitations period if: (1) he has been pursuing his rights with "reasonable diligence," and (2) some extraordinary circumstance prevented him from filing his motion in a timely manner. *Holland v. Florida*, 560 U.S. 631, 649 (2010). In order to satisfy the extraordinary circumstances prong, the petitioner must show that he was subject to (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Jones does not indicate that any exceptional circumstances kept him from filing his Motion in a timely manner. Instead, he repeatedly states that he did not have grounds to file his Motion until the Supreme Court issued its opinion in *Moncrieffe*. Thus, his Motion cannot be saved from the statute of limitations by equitable tolling principles.

Jones failed to file his Motion to Vacate within one year from the date his judgment became final and has not identified a statutory or equitable basis to delay the running of the limitation period. Therefore, the court should dismiss Jones's Motion to Vacate because it was not filed in a timely manner.

## B. Waiver of Right to File a § 2255 Motion

Moreover, even if the Motion to Vacate was filed in a timely manner, Jones waived his right to challenge is sentence through a § 2255 motion in his plea agreement. A defendant may waive the right to collaterally attack his conviction and sentence, so long as the waiver is knowing and voluntary. *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). The determination of whether a waiver is knowing and voluntary depends "upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused." *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)).

The plea agreement, which Jones signed, contained a provision regarding waiver of his appellate rights. (D.E. 18.) Specifically, Jones agreed "[t]o waive knowingly and expressly all rights … to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range…." (D.E. 18, ¶ 2(c).) The plea agreement only preserved his "right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing…." (*Id.*)

Jones makes no argument that his guilty plea was not knowing and voluntary. Accordingly, his informed and intentional waiver must be given effect. Courts generally "refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice." *United States v. Johnson,* 410 F.3d 137, 151 (4th Cir. 2005) (quoting *United States v. Andis*, 333 F.3d 886, 891 (8th Cir. 2003) (internal quotation marks omitted)). As no such miscarriage of justice has reasonably been articulated, the Motion to Vacate should be denied on this ground as well.

7

Case 5:08-cr-00396-FL   Document 57   Filed 05/15/15   Page 7 of 8

## III. Conclusion

For the foregoing reasons, the undersigned recommends that Jones's Motion to Vacate (D.E. 30) be denied and that the Government's Motion to Dismiss (D.E. 34) be granted.

Dated: May 15, 2015.

*Robert T. Numbers II*
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE